## Vehicle and Weights Certificates (No. 2)

MILLER, Deputy Attorney General, July 31, 1946.— This department is in receipt of your request for an opinion in which you ask if a mine owner's transportation of solid fuel in a vehicle from its point of origin in one county to his storage yard in another county, without said vehicle being weighed and accompanied by a weighmaster's certificate, is a violation of section 2 of the Act of July 19, 1935, P. L. 1356, as amended

by the Act of May 27, 1943, P. L. 684, 76 PS §343, known as the Solid Fuels Act of 1935.

Apparently your request is made due to the fact that, since our Formal Opinion No. 367, 1939-40 Op. Atty. Gen. 407, Vehicle Weight Certificates, 40 D. & C. 117 (1940), advising you upon virtually the same question, section 2 of the act has been amended by inserting the word "transport", as italicized by us in that section, as quoted hereinafter.

Section 2 of the Solid Fuels Act of 1935, as last amended May 27, 1943, P. L. 684, provides:

"It shall be unlawful to sell solid fuels excepting by avoirdupois weight. No person shall sell, *transport* or deliver, or start out for delivery, less than two thousand (2000) pounds avoirdupois of weight to the ton of any solid fuel or a proper proportion thereof in quantities less than a ton, and such solid fuel shall be duly weighed by a licensed weighmaster of the Commonwealth of Pennsylvania on accurate scales suitable for weighing a tare and the gross weight of the vehicle or vehicle and trailer transporting solid fuel located in this state and which has been tested and approved by an official empowered by law to test such scales. A tolerance at the rate of thirty (30) pounds to two thousand pounds shall be allowed for wastage and variation in scales."

A strict construction of the statute's provisions is required because of its penal nature. Due consideration must be given the circumstances under which it was enacted, the mischief to be remedied and the object to be attained in arriving at the intention of the legislature, as directed by the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §§551 and 552, so that a result, absurd, impossible of execution, or unreasonable, will be avoided.

The Solid Fuels Act of 1935, as amended, as well as the previous statutes of the Commonwealth and the

decisions of our courts on the subject, evidence a legislative and judicial intent to assure full and accurate weights to purchasers of coal, coke and other solid fuels by requiring a uniform method of computing and measuring these commodities.

The introductory sentence of section 2 of the Solid Fuels Act, 76 PS §343, states, "It shall be unlawful to sell solid fuels excepting by avoirdupois weight". The remaining portion of section 2 further explains and enlarges the introductory sentence by provisions prohibiting the sale, transportation or delivery, or the starting out for delivery, of any solid fuels, except in the manner provided by the act.

The Solid Fuels Act assures sellers and purchasers of solid fuels of a uniform method of weight and measure by prohibiting the sale, transportation, delivery, or starting out for delivery, of solid fuels except in vehicles accompanied by weighmaster's certificates.

If the act requires that all vehicles loaded with solid fuels should be accompanied by weighmaster's certificates without regard to the object of the transportation, the operator of any vehicle loaded with coal or coke, not accompanied by a weighmaster's certificate, would be a violator of the act's provisions. An inspector, making an arrest for the act's violation, would not be obliged to produce evidence that the vehicle was loaded with fuel for the purpose of sale. The absence of the weighmaster's certificate accompanying the cargo would in itself supply the evidence to convict the operator of the vehicle.

Should the Solid Fuels Act be construed to require a weighmaster's certificate to accompany every vehicle with a solid fuel cargo, without regard to the object of the transportation, a mine owner would be required to have a weighmaster's certificate accompany each load of coal while his stock pile was in the process of being moved from one point to another by means of trucks or other vehicles. A farmer would be prohibited

from hauling coal from his own mine to his home for his own domestic use without the required certificate. Each load would have to be weighed in the manner required by the Solid Fuels Act and contain only the tonnage and fractional parts thereof directed by the act. Such a rigid construction would simplify enforcement but at the cost of unnecessary and unreasonable burden and expense on persons transporting cargoes of solid fuels patently not intended for sale. The Commonwealth has no interest in regulating the manner of transporting solid fuel cargoes between an owner's mine and his storage yard, where no transfer of title is involved, so long as the maximum load provisions of The Vehicle Code and other laws are complied with.

In Commonwealth v. Chalfant, Appellant, 156 Pa. Superior Ct. 307 (1944), affirmed 352 Pa. 193 (1945), Judge Reno, speaking for the court, said:

"It becomes eminently clear from a reading of the Solid Fuels Act of 1935, and its amendments as a whole, that the legislature was seeking to afford consumers of solid fuels protection against false weights by providing for licensed weighmasters, acting under the supervision of the Commonwealth, whose official responsibility is fixed by the issuance of a certificate. The statutory plan was to give the purchaser a twofold assurance that he was receiving full measure: an official weighing; and, in addition, a certificate bearing the signature of an individual whose livelihood as a weighmaster depends upon his continuing skill and integrity. To accomplish the intended result, it was made an offense to deliver solid fuel unaccompanied by a certificate, and *we think the conduct prohibited by the act is the transfer of physical control over solid fuel from the seller to the buyer unless a certificate is presented, regardless of the geographical point at which the transfer occurs.*" (Italics supplied.)

We are, therefore, of the opinion and you are accordingly advised that a mine owner may lawfully

transport solid fuel in a vehicle from its point of origin in one county to his storage yard in another county without said vehicle being weighed and accompanied by a weighmaster's certificate, without violating section 2 of the Act of July 19, 1935, P. L. 1356, as amended, 76 PS §343, known as the Solid Fuels Act of 1935, so long as no transfer of title is involved in the transportation.